UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOVANI FASHION, LTD. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CHUBB CORPORATION, ) <br> FEDERAL INSURANCE ) <br> COMPANY, and GREAT ) <br> NORTHERN INSURANCE ) <br> COMPANY ) <br> Defendants. ) | COMPLAINT <br> No. _____ <br><br><br> JURY TRIAL DEMANDED |

Plaintiff Jovani Fashion, Ltd. by and through its undersigned attorneys, brings this action for declaratory relief and damages from Defendants, The Chubb Corporation, Federal Insurance Company and Great Northern Insurance Company (hereinafter "Defendant" or "Chubb") and for breach of contract for failing to defend Jovani Fashion, Ltd. in the underlying litigation *Malibu Textiles, Inc. v. Jovani Fashion, Ltd.* Case No. 1:16 CV 08409-GBD in the United States District Court for the Southern District of New York (the "Underlying Litigation") and for breach of Defendants' Duty of Good Faith and Fair Dealings.

1

## PARTIES

1.     Plaintiff Jovani Fashion, Ltd. (hereinafter "Jovani" or "Plaintiff") is a business corporation incorporated under the laws of the State of New York, with a place of business at 1370 Broadway, 4th Floor, New York, NY 10018.

2.     Jovani is an internationally recognized brand and is available in over 2,000 stores worldwide.  This includes Harrods and Neiman Marcus as well as specialty boutiques.

3.     Jovani Fashion is responsible for its own advertising through catalogs and its website.  Over one million unique visitors frequent www.jovani.com website each month to see Jovani's dresses as advertised.  Jovani's catalogs feature Jovani's dresses as advertised.

4.     Defendant The Chubb Corporation is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.  It is a holding company for a family of property and casualty companies known as the Chubb Group of Insurance Companies.

5.      Upon information and belief, Defendant Federal Insurance Company ("FIC") is a wholly owned, direct or otherwise, subsidiary of The Chubb Corporation.   FIC's principal place of business is the same as that of The Chubb Corporation

6.      Upon information and belief, Defendant Great Northern Insurance Company ("Great Northern") is a member of the Chubb Group, and as such wholly-owned, dominated and controlled by, or an agent of, The Chubb Corporation, direct or otherwise. Great Northern's principal place of business is the same as that of the Chubb Corporation, 15 Mountain View Road, Warren, New Jersey 07059.  Its management is substantially management of The Chubb Corporation.

**JURISDICTION AND VENUE**

7.     This action is for declaratory relief pursuant to 28 U.S.C. 2201 and for breach of contract.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1) because there is complete diversity of citizenship between Jovani and Chubb and more than $75,000 is in controversy in this action.

8.      Venue is proper in this District pursuant to 28 U.S.C. 1391(a) and (c). Plaintiff Jovani resides in this District and transacts business and affairs in this District. A substantial part of the events and/or omissions on which Jovani's claims are based occurred in this district.  The insurance policy in dispute in this action was issued to Jovani in New York, New York.  Chubb refused to defend and indemnify Jovani in the

Underlying Litigation by sending multiple denial letters to Jovani in New York, New York.

9.     Venue is also proper in this District pursuant to 28 U.S.C. 1391(a)(3).  Chubb is authorized to issue and actively issues insurance policies in New York and has sufficient contacts with New York to be subject to personal jurisdiction in this District.

## THE INSURANCE POLICIES

10.    Chubb issued and delivered to Jovani a General Liability policy with a policy period from November 5, 2011 through the present,  policy number 3596-01-64 (the "Chubb Policy").  A copy of the Policy is attached as **Exhibit 1.**

11.    The Chubb Policy obligates Chubb to defend and indemnify Jovani from any suit by third parties seeking damages against Jovani for "advertising injury or personal injury to which this coverage applies".

12.    The Chubb Policy defines "advertising injury" as follows:

> "injury… sustained by a person or organization and caused by an offense of infringing, in that particular part of your advertisement about your goods, products or services upon their copyrighted advertisement…"

13.    The Chubb Policy defines "advertisement" as follows:

4

> "an electronic, oral, written or other notice, about goods, products or services, designed for the specific purpose of attracting the general public or a specific market segment to use such goods, products or services."

14. Chubb also issued to Jovani a Commercial Excess and Umbrella Insurance Policy No. 7987-48-11 EUC ("Umbrella Policy"). A copy of the Umbrella Policy is attached as **Exhibit 2**.

15. The Umbrella Policy obligates Chubb to defend and indemnify Jovani for all suits by third parties seeking damages against Jovani for "advertising injury to which this coverage applies."

16. The Policy defines "advertising injury" as follows:

> "injury… sustained by a person or organization and caused by an offense of infringing, in that particular part of your advertisement about your goods, products or services upon their copyrighted advertisement…"

17. The Policy defines "advertisement" as follows:

> "an electronic, oral, written or other notice, about goods, products or services, designed for the specific purpose of attracting the general public or a specific market segment to use such goods, products or services."

## THE UNDERLYING LITIGATION

18. On October 28, 2016, Malibu Textiles, Inc. (hereinafter "Malibu" or "underlying plaintiff") filed a complaint against Jovani for copyright infringement relating to Malibu's copyrights in the United States District Court, Southern District of New

5

York under Case No.: 16-cv-8409.  A copy of the complaint is attached as **Exhibit 3.**

19. The Underlying Complaint alleges that "Plaintiff owns an original two dimensional artwork used for purposes of textile printing entitled 1967 ("Subject Design") which has been registered with the United States Copyright Office." See **Exhibit 3** ¶ 8.

20. In a declaration dated February 12, 2016 and submitted in a Summary Judgment motion in an action titled *Malibu Textiles, Inc. v. Sentimental NY Corp,* 1:14-cv-2576 (S.D.N.Y. 2014).  Malibu's Vice President, Richard Samuels stated that Malibu provided copies of the Subject Design to the Copyright Office in order to register the copyrighted work.  Samuels stated that Malibu submitted to the Copyright Office the material attached to the declaration as Exhibit 4.  See **Exhibit 4** ¶ 8 and the attached Exhibit 4 from Case No. 1:14-cv-2576 Document 45-4.

21. As illustrated in Samuel's declaration, one of the materials Malibu submitted to the Copyright Office for registration is a picture of a sample of fabric bearing the Subject Design with Malibu's tag.

22. The picture submitted to the Copyright Office for registering the Subject Design illustrates Malibu's copyrighted advertisement, which is a sample of the Subject Design for eliciting customers.

23. In a Settlement Agreement dated April 28, 2017 reached by Jovani and Malibu, Malibu represented and warranted that Malibu's deposit copy for 1967 is identical to that shown as Exhibit 4 to the Declaration of Richard Samuels in support of Malibu's Motion for Partial Summary Judgment in *Malibu Textiles, Inc., v. Sentimental NY, et al.,* Case No. 14-cv-2576-ER (SDNY).

24. The Underlying Complaint alleges that "Prior to the acts complained herein, Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries."  See **Exhibit 3** ¶ 9.

25. The Underlying Complaint alleges that Defendant had access to the "Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design….; (c) access to Plaintiff's strike-offs and samples and (d) access to garments in the marketplace… See **Exhibit 3** ¶ 13.

26. The Underlying Complaint further alleges that "Defendants…infringed Plaintiff's copyright by creating, making and/or developing …infringing works…by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues and through on-line websites."  See **Exhibit 3** ¶ 15.

27. The acts of infringement alleged in the Underlying Complaint occurred during the Chubb Policy period.

**JOVANI'S NOTICE TO CHUBB AND CHUBB'S DENIAL**

28. On or about December 1, 2016, Jovani gave notice of the original underlying complaint to Chubb and requested that Chubb defend and indemnify Jovani in the pending litigation.

29. On January 19, 2017, Chubb sent a letter to Jovani denying Jovani a defense of the Underlying Litigation. In its denial letter, Chubb stated that this matter "does not meet the definition of advertising injury as it [Jovani's action] does not constitute [infringement of] copyrighted advertisement." A copy of the January 19 denial letter is attached as **Exhibit 5.**

30. By letter dated January 24, 2017, Jovani responded to Chubb's January 19 denial letter, citing extensive legal precedent and analysis and again requested that Chubb defend Jovani in the Underlying Litigation. Jovani stated that Chubb's "analysis fails to determine whether there is sufficient allegations in the Complaint that can establish Malibu published advertisement regarding the allegedly infringing design that could constitute copyrighted advertisement. A plain reading of the Complaint leaves no doubt as to the existence of Malibu's copyrighted advertisement." A copy of Jovani's January 24, 2017 letter is attached as **Exhibit 6.**

31.     In its letter dated January 24, 2017, Jovani attached a copy of the advertisement of the Subject Design as it appeared on the Plaintiff's website.  See Exhibit A attached to **Exhibit 6**.

32.     By letter dated February 23, 2017, Chubb again denied coverage to defend Jovani.  Chubb stated that, "Nowhere does the plaintiff allege that Jovani infringed upon a copyrighted advertisement."  A copy of Chubb's letter dated February 23, 2017 is attached as **Exhibit 7.**

33.     Chubb failed to provide any legal analysis or precedent to support its position on denial of coverage.

34.     By letter dated March 31, 2017 Jovani wrote back to Chubb explaining that Plaintiff's allegations of providing access to the Subject Design through its showroom and/or design library and/or samples and strike-offs implies that the Subject Design was advertised.  A copy of Jovani's letter dated March 31, 2017 is attached as **Exhibit 8.**

35.     In the same letter of March 31, 2017, Jovani attached samples of Plaintiff's design library and information on Plaintiff's showroom operation.

36.     The design library includes pictures of advertisements representing the fabric bearing the Subject Design.

37.     In the same letter of March 31, 2017 Jovani explained that Jovani was accused of copying the advertisements bearing the Subject Design.

38.     After not receiving a response from Chubb to its March 31, 2017 letter, Jovani sent a follow up letter dated April 10, 2017 wherein Jovani attached copies of Malibu's Responses to Jovani's Interrogatories in the Underlying Litigation that resolved any ambiguity in the Complaint in favor of Jovani's repeated request for coverage.  A copy of Jovani's letter dated April 10, 2017 is attached as **Exhibit 9.**

39.     In Malibu's Responses to Jovani's Interrogatories, Malibu stated, "Plaintiff advertises its lace designs, including Style No. 1967 on it's a) publicly accessible website b) in its showroom in Manhattan and c) through **samples** sent to prospective consumers."  Additionally, Malibu responded that its "prospective customers visit its showroom to view its designs and/or to acquire **samples** of the designs. (emphasis added)"  Furthermore, Malibu confirmed that the **design library** as alleged in the Complaint refers to its "publicly accessible online catalog of designs located at www.malibutextiles.com."  The Responses also made it clear that "Plaintiff provides samples of its copyrighted designs to customers and potential customers to provide awareness of and to create a market for Plaintiff's lace…samples, along with Plaintiff's website and showroom are Plaintiff's primary marketing tools…"  A copy of Malibu's Responses to Jovani's Interrogatories is attached as **Exhibit 10.**

40. In its April 10, 2017 letter, Jovani advised Chubb that a Settlement Conference for the Underlying Litigation was scheduled for the following week. Jovani invited Chubb to participate in the Settlement Conference.

41. On April 18, 2017, Jovani and Malibu participated in a Settlement Conference before Magistrate Judge Katharine Parker of the Southern District of New York. Chubb failed to participate in the Settlement Conference.

42. At the conference, Malibu and Jovani without admitting to any liability settled and agreed to certain settlement terms, including settlement of payments by Jovani to Malibu.

43. On April 27, 2017, Jovani sent a follow up letter to Chubb since Jovani's letters of March 31 and April 10 remained unanswered. A copy of the April 27, 2017 letter is attached as **Exhibit 11**.

44. In the letter, Jovani enclosed a copy of a proposed Complaint against Chubb, however reiterated the fact that it was still hoping for an amicable resolution of the matter and requested a response by the following business day.

45. On May 4, 2017 Chubb's outside counsel responded once again denying coverage. A copy of the May 4, 2017 letter is attached as **Exhibit 12.**

46. The May 4 letter merely rehashed Chubb's arguments from its prior letters. The letter was non-responsive to Jovani's additional arguments and evidence presented in its March 31 and April 10 letters.

47. Furthermore, Chubb's May 4 letter did not include a single citation to any legal authority in support of its position.

48. The May 4 letter reinforces the fact that Chubb continues to deal with Jovani in bad faith and in reckless disregard of Jovani's rights under the policy and under New York law.

## THE UNDERLYING COMPLAINT ALLEGES COPYRIGHT INFRINGEMENT THAT TRIGGERS CHUBB'S DUTY TO DEFEND

49. The allegations of the Underlying Complaint of Copyright Infringement trigger the Policy's Advertising Injury Clauses.

50. The definition in the Policy for Advertising Injury includes:

> "Advertising injury means injury… sustained by a person or organization and caused by an offense of infringing, in that particular part of your advertisement about your goods, products or services, upon their: copyrighted advertisement…" **Exhibit 1** ¶3, Page 25.

51. The term, "advertisement" is defined in the Policy as "an electronic, oral, written or other notice, about goods, products or services, designed for the specific purpose of

attracting the general public or a specific market segment to use such goods, products or services." **Exhibit 1** ¶1, Page 25.

52.     The Underlying Complaint establishes that Malibu published advertisements bearing the Subject Design.  **Exhibit 3** ¶ 9.  Malibu's acts in disseminating the Subject Design to the public constitute copyrighted advertisement.  See **Exhibit 4** Samuel's Declaration including sample of the Subject Design submitted to the Copyright Office.

53.     The Underlying Complaint establishes that "Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industry." **Exhibit 3** ¶ 9.

54.     The Underlying Complaint alleges that Jovani had access to Malibu's samples and strike offs.  **Exhibit 3** ¶ 13.   Malibu's samples and strike offs bearing the Subject Design constitute copyrighted advertisement.   See **Exhibit 4**.

55.     The Underlying Complaint alleges that Jovani had access to Malibu's showroom and design library.  Exhibit 3 ¶ 13.  Samples of fabric in the showroom bearing the Subject Design for purposes of attracting the public to place orders for fabrics constitute copyrighted advertisements.   See **Exhibit 4**.

56.     Design libraries published on Malibu's website containing pictures bearing the Subject Design for purposes of attracting the public to place orders for fabric constitute copyrighted advertisements.  See **Exhibit 10**.

57. Malibu posted pictures bearing the Subject Design on its website. The pictures are considered copyrighted advertisement. See Exhibit A attached to **Exhibit 6** and **Exhibit 10**.

58. The allegations in the Underlying Complaint allege injury due to Jovani's advertisement through its catalogs and website. See **Exhibit 3** ¶ 15.

59. The Underlying Complaint alleges that the offenses were committed during the policy period.

60. No exclusions in the Policy bar a defense.

61. The attorneys' fees and costs incurred by Jovani to defend itself in the Underlying Litigation were reasonable and necessary for such defense.

62. The Settlement amount paid by Jovani to Malibu was made pursuant to a day-long meeting before Magistrate Judge Katharine Parker.

63. Both Malibu and Jovani through their representatives negotiated the terms of the settlement with due diligence and good faith based on document productions and other evidence provided by both parties.

# FIRST CAUSE OF ACTION

## Declaratory Relief-Duty to Defend and Indemnify

64. Jovani incorporates each and every allegation set forth in the above paragraphs as though fully alleged herein.

65. By issuing and delivering the Policy, Chubb agreed to defend and indemnify Jovani for suits seeking damages because of advertising injury as defined therein. The Underlying Litigation seeks damages because of infringement in Jovani's advertising of a copyrighted advertisement. Pursuant to the Policy, Chubb must defend and indemnify Jovani in the Underlying Litigation.

66. Chubb has failed to provide a defense and indemnity to Jovani in the Underlying Litigation in violation of the terms of the Policy and New York Insurance Law.

67. Jovani has fully performed all of the obligations and conditions to be performed by it under the Policy and/or has been excused from performing same as a result of Chubb's breach of its duty to defend and indemnify.

68. An actual *bona fide* controversy exists between Jovani and Chubb as to whether Chubb has a duty to defend and indemnify Jovani in the Underlying Litigation.

69. Jovani seeks a judicial declaration by this Court that Chubb has a duty to defend and indemnify Jovani in the Underlying Litigation and must pay the Settlement

15

Jovani agreed to pay Malibu along with Jovani's attorneys' fees and costs incurred to defend that lawsuit.

## SECOND CAUSE OF ACTION

### Breach of Insurance Contract-Duty to Defend and Indemnify

70. Jovani incorporates each and every allegation set forth in the above paragraphs as though fully alleged herein.

71. The Chubb Policy is an insurance contract. Pursuant to the Policy, Chubb must defend and indemnify Jovani in the Underlying Litigation. Chubb has breached the Policy by refusing to defend and indemnify Jovani in the Underlying Litigation.

72. Jovani has fully performed all of the obligations and conditions to be performed by it under the Policy and/or has been excused from performing same as a result of Chubb's breach of its duty to defend and indemnify.

73. Chubb breached the terms of its policies by wrongfully denying insurance benefits to Jovani, which benefits are now due and payable in respects of all amounts reasonably incurred by Jovani in the defense and settlement of the Underlying Litigation.

74. Jovani is entitled to all damages it has sustained as a result of Chubb's breach, including but not limited to, all of the attorneys' fees and costs Jovani has incurred to defend and to settle the Underlying Litigation and any consequential damages, plus pre-judgment interest.

## THIRD CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

75. Jovani incorporates each and every allegation set forth in the above paragraphs as though fully alleged herein.

76. A fiduciary relationship of trust and confidence was established between Chubb on the one hand and Jovani on the other hand, by virtue of Jovani's status as an insured on Chubb's policies. Chubb had a duty to deal fairly and in good faith with Jovani in all matters between them.

77. Despite the explanations and evidence Jovani provided to Chubb, Chubb recklessly ignored Jovani's request.

78. Chubb did not provide a single legal precedent to support its denial of coverage.

79. Chubb purposefully interpreted any possible ambiguity in the policy in its own favor instead of interpreting any such ambiguity in Jovani's favor according to New York law.

80.     Chubb purposefully ignored and did not address Jovani's analysis and support for its claims of coverage.

81.     Chubb breached its duty of good faith and fair dealing by wrongfully and unreasonably denying a duty to defend in conscious disregard of New York insurance law and Jovani's rights and failing to undertake any meaningful investigation in connection with Jovani's request for coverage.

82.     As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, Jovani has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff, Jovani prays that this Court enter judgment in its favor and against Chubb as follows:

1. Finding and declaring that Chubb has and had a duty to defend and indemnify Jovani in the Underlying Litigation, and ordering Chubb to pay Jovani all of the attorneys' fees and costs that Jovani has incurred to defend and settle the lawsuit;
2. Finding that Chubb has breached and is breaching its duty to defend and indemnify Jovani pursuant to the Policy;

3.  Awarding damages suffered by Jovani as a result of Chubb's breach of its duty to defend, including but not limited to, all of the attorneys' fees and costs Jovani has incurred to defend the Underlying Litigation and any consequential damages, plus pre-judgment interest.

4.  Awarding Jovani the settlement amount Jovani agreed to pay in settling the Underlying Litigation.

5.  Awarding Jovani costs of this suit, including reasonable attorneys' fees as may be allowed by case or statutory law; and

6.  Awarding Jovani such other and further relief as the Court may deem just and proper.

Dated: New York, NY
June 20, 2017

**SOFER & HAROUN, LLP**

By: _____/Joseph Sofer/_____
Joseph Sofer, Esq.
Adina N. Brand, Esq.
Sofer & Haroun, LLP
*Attorney for Plaintiff Jovani Fashion, Ltd.*
215 Lexington Ave, Suite 1301
New York, NY 10016
Tel: 212-697-2800
Fax: 212-697-3004
E-mail: joesofer@soferharoun.com